```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
JOSEPHUS T. Y. NYEMA, SR.,              :
                                        :  Civil Action No. 09-69(MLC)
          Petitioner,                   :
                                        :
     v.                                 :     O P I N I O N
                                        :
STATE OF NEW JERSEY,                    :
                                        :
          Respondent.                   :
                                        :
```

**APPEARANCES:**

JOSEPHUS T. Y. NYEMA, SR., Petitioner pro se
P.O. Box 582, Trenton, New Jersey 08604

**COOPER**, District Judge

The petitioner, Josephus T. Y. Nyema, Sr. ("Nyema"), seeks habeas corpus relief under 28 U.S.C. § 2241. Because Nyema is challenging a state court conviction, this Court will treat the matter as a habeas petition under 28 U.S.C. § 2254. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction, as Nyema does not meet the "in custody" requirement under either 28 U.S.C. § 2254(a) or § 2241(c)(3).

### I.  BACKGROUND

Nyema is not currently confined at a state correctional facility. Nyema, when he filed this habeas petition, admittedly was no longer in the custody of the State of New Jersey pursuant to the New Jersey state court conviction that he challenges here.

Nyema filed this petition on or about December 30, 2008. He challenges a 2005 judgment of conviction purportedly issued by New Jersey Superior Court, Mercer County. On August 26, 2005, Nyema

was sentenced to a term of probation for three years.  (Petition at ¶¶ 1-5.)

Nyema states that he appealed his conviction to the New Jersey Appellate Division, which affirmed his conviction on November 16, 2007.  The New Jersey Supreme Court denied certification on February 28, 2008.  He then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on October 6, 2008. (Petition at ¶¶ 9, 12.)

At the time he submitted this petition for filing, on December 30, 2008, Nyema's three-year probation term had expired.  Consequently, Nyema is no longer in the custody of the State of New Jersey pursuant to a judgment of conviction.

## II.  STANDARDS FOR SUA SPONTE DISMISSAL

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Nyema brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen.,

878 F.2d 714, 721-22 (3d Cir. 1989). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

### III.  ANALYSIS

Because Nyema is challenging a state court conviction, his action for habeas relief is properly considered under 28 U.S.C. § 2254. Section 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person ***in custody*** pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be in custody under the conviction he is attacking when the petition is filed, in order for this Court to have jurisdiction. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

A habeas petitioner does not appear to be considered in custody when a sentence imposed for a particular conviction has fully expired at the time the petition is filed. Indeed, the Supreme Court held that its decision in Carafas v. LaVallee, 391 U.S. 234 (1968) "strongly implies the contrary." Maleng, 490 U.S. at 491. In Carafas, the Supreme Court noted that the unconditional

3

release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied. Maleng, 490 U.S. at 491 (citing Carafas, 391 U.S. at 238). The Court ultimately found the in custody requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but because petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed. Maleng, 490 U.S. at 492 (citing Carafas, 391 U.S. at 238). Thus, the implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

The state court conviction and sentence Nyema now challenges had fully expired before he filed for federal habeas relief. He was sentenced to a three year probation term on August 26, 2005, which expired in August 2008. Nyema did not file this habeas petition until December 30, 2008. Thus, he is not entitled to relief under § 2254 and his petition is subject to dismissal for lack of jurisdiction.

A writ of error coram nobis has traditionally been used to attack convictions with continuing consequences when a petitioner is no longer "in custody" for purposes of habeas review. United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000). But the

writ of error coram nobis is available in federal court only for those who are convicted in federal court.  28 U.S.C. § 1651(a); Neyor v. I.N.S., 155 F.Supp.2d 127, 136 (D.N.J. 2001).  Thus, the Court cannot construe Nyema's petition as a writ of error coram nobis.  Instead, Nyema can seek relief from the collateral consequences of his expired state conviction by bringing a common law writ of error coram nobis, or a petition for post conviction relief, in the state court where he was convicted.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## V. CONCLUSION

The petition will be dismissed for failure to satisfy the "in custody" requirement under either 28 U.S.C. § 2254(a) or § 2241(c)(3). No certificate of appealability will issue. The Court will issue an appropriate Order and Judgment.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   August 3, 2009